UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>      Plaintiff,<br><br>   vs.<br><br>INDUSTRIAL EMPLOYER DISTRIBUTOR ASSOCIATION,<br><br>DISTRIBUTOR ASSOCIATION WAREHOUSEMAN'S TRUST,<br><br>INTERNATIONAL LONGSHOREMAN AND WAREHOUSE UNION,<br><br>99 UNNAMED DEFENDANTS,<br><br>      Defendants. | Case No:  C 13-00396 SBA<br><br>**ORDER DISMISSING ACTION** |

Pro se Plaintiff and frequent litigant William Whittsitt brings the instant action under the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1332(a), claiming Distributor Association Warehouseman's Trust ("the Plan") miscalculated his benefits.  As Defendants, he has named the Plan, Industrial Employer Distributor Association ("IEDA") and the International Longshoreman and Warehouse Union Local No. 6 ("Union"), which created the Plan.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The Court previously granted Defendants' motion to dismiss, finding that, in violation of Federal Rule of Civil Procedure 8, Plaintiff's Third Amended Complaint was

prolix, argumentative, and unintelligible. Plaintiff filed a Fourth Amended Complaint on September 10, 2014, in response to which IEDA and the Union have now filed separate motions to dismiss. Dkt. 80, 81. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS both motions to dismiss. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.      BACKGROUND

The factual and procedural history of this case are set forth in detail in the Court's Order Granting Defendants' Motions to Dismiss, filed July 22, 2014, and will be summarized here only to the extent they are relevant to the pending motions. Dkt. 71.

### A.      PRIOR PLEADINGS

#### 1.      Original Complaint

On January 22, 2013, Plaintiff filed a 32-page, unnumbered complaint setting forth six claims and multiple sub-claims for relief based on the alleged denial of his claim for benefits and lack of sufficient notice regarding the change in his benefits. Dkt. 1. Defendants filed motions to dismiss the complaint. Dkt. 23, 28. Thereafter, the parties met and conferred, at which time Defendants explained to Plaintiff the defects in his pleadings. The parties then submitted a Stipulation and Proposed Order Voluntarily Dismissing Plaintiff's Complaint and Granting Plaintiff Leave to Amend. Dkt. 31. The stipulation specified that Plaintiff had agreed to voluntarily dismiss his Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), and would "file an Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), on or before September 30, 2013, that cures all of the defects set forth in the Motion to Dismiss (Dkt. 23) and otherwise complies with the requirements of Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10." Id. The Court approved the stipulation. Dkt. 33.

#### 2.      First Amended Complaint

On September 30, 2013, Plaintiff filed a longer, thirty-seven page First Amended Complaint ("FAC"). Dkt. 34. Again, the parties met and conferred regarding the sufficiency of the FAC, and thereafter filed a second stipulation, pursuant to which Plaintiff

1  again agreed to voluntarily dismiss the FAC and to file a Second Amended Complaint
2  ("SAC") "that cures all of the defects set forth in the Motion to Dismiss (Dkt. No. 23) and
3  otherwise complies with the requirements of Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10."  Dkt.
4  35.  The Court approved the parties' stipulation on October 18, 2013.  Dkt. 37.

### 3. Second Amended Complaint

6  Plaintiff filed a thirty-seven page SAC on November 12, 2013.  Dkt. 38.  Defense
7  counsel met and conferred with Plaintiff to explain why the SAC failed to comply with
8  Rules 8 and 10.  Kang Decl. ¶ 5; Achermann Decl. ¶ 7.  Those discussions led to the filing
9  of a third stipulation on November 26, 2013, which, as before, specified that Plaintiff had
10 agreed to voluntarily dismiss the SAC, and file a Third Amended Complaint ("TAC") on or
11 before December 20, 2013, "that cures all of the defects discussed in the November 21,
12 2013 meet and confer and as set forth in the Motion to Dismiss (Dkt. No. 23) and otherwise
13 complies with the requirements of Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10."  Dkt. 39.  The
14 Court approved the third stipulation on November 26, 2014.  Dkt. 40.

### 4. Third Amended Complaint

16 On December 20, 2013, Plaintiff filed another thirty-seven page pleading.  The TAC
17 contained the same previously-alleged claims, albeit styled as follows:  (1) Unlawful Denial
18 of Pension Benefits Due; (2) Denial and Reduction of Pension Benefits Without Prior
19 Notice; (3) Unlawful Reduction Cutback in Pension Benefits; (4) Unlawful Transaction -
20 Transferring Pension Benefit Payments to ILWU and to Fiduciary IEDA; (5) Breach of
21 Fiduciary Duty in Denial of Retirement Benefits Owed; (6) Later Dates of Pension Plans
22 Accrual for Younger Employees is Unfair Classification; and (7) Civil and Criminal
23 Conspiracy.  Like the prior pleadings, most of these claims included several sub-claims.
24 None of the allegations appeared in numbered paragraphs.  With the exception of minor
25 modifications, the TAC, for all intents and purposes, remained unchanged from the prior
26 pleadings.  Dkt. 41.

Defendants separately filed motions to dismiss the TAC, inter alia, on the grounds that it violated Rule 8. Dkt. 45, 52.[1] On July 22, 2014, the Court granted Defendants' motions, finding that the TAC failed to comport with Rule 8(a). The Court explained:

> In the instant case, the Court finds that the TAC is precisely the type of prolix, argumentative, unintelligible and redundant pleading which the Ninth Circuit has held is subject to dismissal under Rule 8. Far from presenting "a short and plain statement of the claim" and allegations that are "simple, concise, and direct," the pleadings consists of exceedingly lengthy and seemingly incoherent discussions regarding matters that are impertinent to his core claim for the denial of benefits.

Dkt. 71 at 9. The Court further found that Plaintiff's allegations were presented in a wordy, convoluted, repetitive and unintelligible manner. Id. at 10-12. Though doubtful that Plaintiff could rectify the numerous deficiencies in the TAC, the Court, out of an abundance of caution, granted Plaintiff leave to amend. The Court stated:

> A review of the four complaints filed by Plaintiff in this action reveals that he has made little, if any, effort to comply with the Court's order to comply with Rule 8. The TAC is virtually identical the SAC, which, in turn, is essentially identical to the original Complaint and the FAC. Instead of editing his complaint, Plaintiff has expanded it. Despite three prior opportunities to amend, Plaintiff has made no progress towards providing an organized pleading containing a short and plain statement of his claim that is devoid of extraneous, repetitive and irrelevant verbage. Each of the four complaints lacks any paragraph numbering, even though Plaintiff was specifically ordered three times to comply with Rule 10. Given Plaintiff's failure to file a pleading consistent with [the Federal Rules of Civil Procedure], despite multiple prior opportunities to do so, the Court has little confidence that permitting Plaintiff a *fourth* opportunity to amend will result in an acceptable pleading.
>
> The above notwithstanding, the Court is mindful of its obligation to consider less drastic alternatives to dismissal. See [Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)]. Although the Court has previously approved several stipulations directing Plaintiff to amend his complaints in a manner consistent with Rule 8, the Court will permit Plaintiff one final opportunity to amend his pleadings. The amended complaint *must* clearly and succinctly state only those facts that, if

---

[1] Plaintiff filed untimely oppositions to both motions, and his brief in response to the IEDA's motion exceeded the maximum 15-page limit specified in the Court's Standing Orders. Dkt. 56. The IEDA Defendants moved to strike Plaintiff's response. Although the IEDA Defendants proffered valid grounds for granting said motion, the Court considered Plaintiff's untimely and non-compliant oppositions on the merits.

> accepted as true, are sufficient "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)]). Plaintiff shall not repeat allegations where unnecessary. Extraneous commentary regarding irrelevant matters—such as those identified above—shall be omitted. Each paragraph of the Complaint must be separately numbered. Each claim shall be distinctly labeled, and the use of sub-claims should be avoided. *Plaintiff is warned that if he files a Fourth Amended Complaint that is found to be in violation of Rule 8, any other applicable rule of procedure, or this order, he will be subject to monetary or other sanctions under Federal Rule of Civil Procedure 11.*

Dkt. 71, 15-16.

The Court gave Plaintiff until August 12, 2014, to file his Fourth Amended Complaint and warned that the failure to timely do so would be grounds for dismissal under Rule 41(b). Dkt. 71. Instead of complying with the Court's order, Plaintiff waited until August 18, 2014—*after* the filing deadline—to file a request for an extension of time to file his Fourth Amended Complaint. Dkt. 74. Although the request was untimely, the Court again, in consideration of less drastic alternatives to dismissal, granted Plaintiff a two-week extension of time. Dkt. 76.

### B. CURRENT PROCEEDINGS

On September 10, 2014, Plaintiff filed his Fourth Amended Complaint. Dkt. 77. On September 22, 2014, the Union and the IEDA Defendants separately filed motions to dismiss. Dkt. 80, 81. Pursuant to Civil Local Rule 7-3(a), Plaintiff had until October 6, 2014, to file his oppositions. On October 16, 2014, well *after* the filing deadline had passed and without requesting leave of court, Plaintiff filed a thirty-page, single-spaced combined opposition to the motions to dismiss. Dkt. 90. On the same day, the Court struck Plaintiff's opposition, finding that it was untimely, exceeded the fifteen-page limit specified in the Court's Standing Orders, and was single-spaced (effectively making the response sixty pages long) in violation of Civil Local Rule 3.4(c)(2). Dkt. 91. The Court sua sponte granted Plaintiff an additional seven days to file his responses to Defendants' motions to dismiss in a manner consistent with the Court's Local Rules and Standing Orders. The Court warned that "[i]n the event Plaintiff fails to timely file properly-formatted

oppositions, the Court will dismiss the action under Federal Rule of Civil Procedure 41." Id., 2.

In violation of the Court's Order, Plaintiff failed to file any oppositions to Defendants' motions to dismiss. Instead, on October 24, 2014, Plaintiff filed a document styled as "Motion and Opposition and Protest to Order Striking My Opposition to Motion to Dismiss by IEDA, ILWU [sic] This is a Sanction." Dkt. 94. In his filing, Plaintiff apparently takes issue with the Court's decision to strike his opposition, claiming that he did not violate any procedural rules and that he was entitled to notice before the Court struck his non-compliant opposition brief. Id., 2. He further contends that the Federal Rules of Civil Procedure do not expressly limit briefs to fifteen pages and that the only reason the Court struck his brief is because it is biased against him. Id., 3. In addition, Plaintiff alleges that he had no notice of the Court's Standing Orders, which limit motions and oppositions (other than summary judgment motions) to fifteen pages. Id. As relief, Plaintiff demands that the Court vacate its prior order striking his opposition and to recuse itself.[2] The Court addresses these issues below and whether the action should be dismissed under Rule 41(b).

## II. DISCUSSION

### A. RECUSAL

Motions for recusal based on alleged personal bias of a judicial officer are governed by 28 U.S.C. § 144 and § 455(a). United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012). "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (internal quotation marks

---

[2] The proper procedure to seek reconsideration of an interlocutory court order is to file a motion for leave to file a motion for reconsideration, see Civ. L.R. 7-9, which Plaintiff failed to do.

and citation omitted).³  The decision on a motion for recusal is a matter left to the district court's discretion.  Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

Plaintiff has failed to present any legitimate basis for recusal.  No facts are offered to support his claim of judicial bias.  "[M]ere conclusory allegations ... are insufficient to support a claim of bias or prejudice such that recusal is required."  United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).  Likewise, the fact that the Court has issued orders unfavorable to his cause does not show bias.  Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) ("a judge's prior adverse ruling is not sufficient cause for recusal."); see also United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) ("expressions of impatience, dissatisfaction, annoyance, and even anger" by a federal district court judge "do not establish bias or partiality").  Plaintiff's request for recusal is therefore denied.

### B.    DISMISSAL

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure or any order of the court.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  A party's failure to file an opposition to a motion to dismiss in accordance with the Civil Local Rules also presents grounds for dismissal.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming district court's dismissal under Rule 41(b) for failure to respond to motion to dismiss).

"[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted:  '(1) the public's interest in expeditious resolution of

---

³ Section 144 requires an accompanying affidavit which states the factual basis for an accusation of bias or prejudice.  Compliance with this requirement is mandatory.  See United States v. Azhacar, 581 F.2d 735, 738 (9th Cir. 1978) ("failure to follow . . . procedural requirements . . . defeats his charge of bias.").  Since Plaintiff failed to submit the requisite affidavit, his request for recusal is construed solely under § 455(b).

1  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
2  defendants; (4) the public policy favoring disposition of cases on their merits and (5) the
3  availability of less drastic sanctions.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir.
4  2010) (internal quotation marks omitted).  "These factors are not a series of conditions
5  precedent before the judge can do anything, but a way for a district judge to think about
6  what to do."  In re Phen ylpropanolamine Products Liab. Litig., 460 F.3d 1217, 1226 (9th
7  Cir. 2006) (internal quotation marks omitted).  Dismissal is appropriate "where at least four
8  factors support dismissal ... or where at least three factors 'strongly' support dismissal."
9  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

10        The first two factors strongly weigh in favor of dismissal.  First, "the public's
11  interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal.
12  Amplifier, 191 F.3d 983, 989, 990 (9th Cir. 1999).  Second, Plaintiff's repeated failures to
13  comport with the Court's filing requirements undermine its ability to move the case
14  forward by entering a pretrial scheduling order or setting a trial date.  Such non-compliance
15  inherently delays resolution of the case and inures to the detriment of the public.  See
16  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to
17  manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish
18  v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to
19  control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's
20  order diverts "valuable time that [the court] could have devoted to other major and serious
21  criminal and civil cases on its docket.").

22        The third factor, the risk of prejudice to Defendants, is related to the strength of the
23  Plaintiff's excuse for the default.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has offered
24  no compelling excuse for his conduct and none is apparent from the record.  Though not
25  entirely clear, Plaintiff appears to argue that his 30-page, single spaced opposition was, in
26  fact, proper and should be considered by the Court.  Local Rule 3.4(c)(2) specifies that
27  "[t]ext [used on any brief] must appear on one side only and must be double-spaced with no
28  more than 28 lines per page."  Plaintiff contends that "[d]ouble spaced means a typed word

hitting the spacebar 2 times then another word." Dkt. 94, 1.  This contention is frivolous. Double-spacing clearly denotes the spacing between lines, not words.  See Webster's Third New Int'l Dictionary 679 (unabridged ed. 1986).  But even if Plaintiff's interpretation were correct—which it clearly is not—he admittedly failed to insert two spaces between each word.  In addition, his brief well exceeded the limit of 28 lines per page.[4]  See Civ. L.R. 3.4(c)(2).

With regard to violating the Court's 15-page limit, Plaintiff contends that the Federal Rules of Civil Procedure do not impose page limits, and that, in any event, he should be excused from such requirement because he is "not a legal professional" and is "not held to professional pleading standards of licensed counsel." Dkt 94, 2.  These contentions also lack merit.  As an initial matter, Plaintiff's pro se status does not excuse his failure to abide by the applicable procedural rules.  See Ghazali, 46 F.3d at 54.[5]  Moreover, even if the Federal Rules of Civil Procedure do not specify page limits on court filings, the Court has the discretion to impose reasonable limitations.  See Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1112 (10th Cir. 2007); see also Lamon v. Ellis, -- Fed.Appx. --, 2014 WL 3973499 (9th Cir. Aug. 12, 2014) (affirming the district court's imposition on page limits on the complaint).  In any event, to the extent that Plaintiff believed that he needed to file an oversized brief, the proper course of action would have been to file a request for leave to file a brief in excess of fifteen pages, as opposed to doing so unilaterally.

Plaintiff next complains that the Court should have given him prior notice in the form of an order to show cause before striking his non-conforming brief.  Dkt. 94, 2.  However, it is well settled that a court may sua sponte strike a brief that has not filed

---

[4] Plaintiff's ancillary contention that he did not receive notice of the Court's Standing Orders is meritless.  Dkt. 94, 3.  The Standing Orders are attached to the Case Management Scheduling Order For Reassigned Civil Cases, which was served on Plaintiff on September 5, 2013.  Dkt. 27.  Even if Plaintiff did not receive that Order, the Court's Standing Orders are posted on the Court's website.

[5] As noted in the Court's prior order, Plaintiff has filed at least forty-five lawsuits in the Eastern and Northern Districts of California, and has been repeatedly reprimanded for his failure to comply with the applicable procedural rules.  Dkt. 71, 12-13.

consistent with the Court's procedural rules.  See Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (recognizing that the district court has "the power to strike items from the docket as a sanction for litigation conduct"); Smith v. Frank, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading."); Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

      The record also shows that Plaintiff had ample notice of the potential consequences for filing a brief that is untimely or not in compliance with the rules or orders of the Court. Dkt. 27, 8.  The Court's Standing Orders state, in pertinent part, that:  "Any pleading or brief sought to be filed with the Court after the required time, or in an improper manner or form, *shall not be received or considered by the Court*." Id. (emphasis added).  Given this prior admonition, Plaintiff cannot legitimately complain that he was entitled to an order to show cause before the Court struck his clearly untimely and non-compliant brief. Moreover, notwithstanding the untimeliness of his opposition, the Court sua sponte afforded Plaintiff additional time to file conforming oppositions, which he failed to do.  See Smith v. Frank, 923 F.2d 139, 142 (9th Cir. 1991).  For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate excusable neglect to justify his failure to timely and appropriately oppose Defendants' motions to dismiss, which weighs in favor of dismissal.

      The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  See Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal").

      Finally, the Court has *repeatedly* considered less drastic alternatives to dismissal. Between September and November 2013, the Court issued three orders directing Plaintiff to file a pleading that conformed to the Federal Rules of Civil Procedure.  Dkt. 33, 37, 40.  In each instance, Plaintiff flouted those orders and filed a new pleading that was equally if not

more deficient than the preceding one.  Most recently, upon its review of the Third Amended Complaint, the Court cited these deficiencies and expressed its hesitance to grant leave to file yet another amended complaint.  Dkt. 71, 15-16.  Despite those concerns, the Court again granted Plaintiff leave to amend and ordered Plaintiff to file a Fourth Amended Complaint by no later than August 12, 2014.  Dkt. 71, 17.  Notably, the Order explicitly warned Plaintiff that "[t]he *failure to timely file* the Fourth Amended Complaint and/or the failure to comply with this Order will result in the dismissal of the action with prejudice."  Id. (emphasis added).  In violation of that Order, Plaintiff failed to file his Fourth Amended Complaint by August 12, 2014, and, in fact, waited until *after* that deadline had passed to seek an extension of time.  Dkt. 74.  Notwithstanding Plaintiff's clear violations of the Court's Order, the Court granted Plaintiff additional time to file his amended complaint.  Dkt. 76.

     The Court has likewise considered less drastic alternatives to dismissal in connection with the instant motions to dismiss.  The Court's Standing Orders warn that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  Dkt. 27, 5:16-17.  The Court repeated that warning in its Order striking Plaintiff's non-compliant brief and granting him an extension of time to file proper oppositions.  Dkt. 91, 2.  Although the deadline to oppose Defendants' motion was October 6, 2014, Plaintiff did not file any response until October 16, 2014.  Not only was Plaintiff's response untimely, as discussed, it also failed to comport with the formatting requirements and page limits imposed by the Court through its Local Rules and Standing Orders.  Again, the Court could have granted the motions to dismiss as unopposed.  Instead, the Court struck the improper opposition and explained its reasons therefor, and afforded Plaintiff yet another opportunity to file responses in a manner consistent with the Court's Local Rules and Standing Orders.  Dkt. 91.  Rather than complying with that Order and filing appropriate opposition briefs, Plaintiff filed a frivolous brief disputing the Court's authority to strike his opposition and demanding that the Court recuse itself.

In short, the Court has, on numerous occasions, warned Plaintiff of the potential consequences should he continue to violate the Court's Orders and procedural rules. Those warnings suffice to satisfy the Court's obligation to first consider less drastic alternatives to dismissal. See Ferdik, 963 F.2d at 1262 (holding that a warning that the failure to comply with the court's instructions would result in dismissal was sufficient to satisfy its obligation to consider "less drastic alternatives" before dismissing the action). The Court thus finds that the fifth factor germane to whether dismissal under Rule 41(b) is appropriate strongly weighs in favor of dismissal.

### III. CONLUSION

The Court finds that Plaintiff's conclusory motion for recusal is baseless. With regard to dismissal under Rule 41(b), the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing the action. Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). Accordingly,

IT IS HEREBY ORDERED THAT Defendants' motions to dismiss are GRANTED and the instant action is DISMISSED WITH PREJUDICE, pursuant to Rule 41(b). Pursuant to 28 U.S.C. § 1915(a)(3), the Court revokes Plaintiff's in forma pauperis status on the ground that an appeal from the instant dismissal would not be taken in good faith.

IT IS SO ORDERED.

Dated: 12-02-14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge